## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| WALTER W. WALLACE, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:17-CV-490 PLC |
| ) | |
| STE. GENEVIEVE DETENTION CENTER, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $6.00, which is twenty percent of his average monthly deposit. *See* 28 U.S.C. § 1915(b).

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

### The Complaint

Plaintiff is a Sunni Muslim. He is detained in the Ste. Genevieve Detention Center (the "Center"). He sues the Center, Sheriff Gary Stolzer, and Sergeant Patti Karol for violations of his First Amendment right to practice his religion. His religion requires him to wear a kufi cap, to pray on a prayer rug, and to congregate with others for daily prayer. He alleges that Stolzer and Karol have not allowed him follow the requirements of the Holy Qur'an because he is not allowed to do these things. He says that Ste. Genevieve has a custom or policy of denying inmates the right to practice their religion.

### Discussion

The Court finds that the complaint states a plausible claim against defendants Stolzer and Karol under the First Amendment in both their individual and official capacities. As a result, the Court will direct the Clerk to serve process on these defendants.

The claim against the Center, however, is legally frivolous because it cannot be sued. *Ketchum v. City of West Memphis*, Ark., 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such."). Therefore, it is dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 8] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $6.00 within twenty-one (21) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[1]

**IT IS FURTHER ORDERED** that the Clerk is directed to serve process on defendants Gary Stolzer and Patti Karol.

**IT IS FURTHER ORDERED** that defendant Ste. Genevieve Detention Center is **DISMISSED** with prejudice.

So Ordered this 20th day of April, 2017.

_E. Richard Webber_ (signature)

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] Prisoners must pay the full amount of the $350 filing fee.  After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10.  28 U.S.C. § 1915(b)(2).

3