UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WALTER W. WALLACE, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:17-CV-490-PLC |
| ) | |
| ) | |
| STE. GENEVIEVE DETENTION CENTER, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court[1] on Defendants Gary Stolzer and Patti Karol's motion for leave to depose Plaintiff Walter Wallace pursuant to Fed. R. Civ. P. 30(a)(2)(B).  [ECF No. 83] Plaintiff opposes the motion.  [ECF No. 85]

In February 2017, Plaintiff filed his *pro se* complaint against Defendants Stolzer and Karol in their individual and official capacities,[2] seeking declaratory and monetary relief under 42 U.S.C. § 1983 for alleged violations of Plaintiff's First Amendment right to exercise his religion.  [ECF No. 1]  In an amended complaint, Plaintiff claimed he "is a Sunni Muslim who follows the Harafi school of Sunni law" and Defendants denied his requests for (1) his kufi, (2) his prayer rug, and (3) the ability to engage in congregational prayer while he was detained in the Ste. Genevieve Detention Center prior to trial.  [ECF No. 9]

---

[1] The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c). [ECF No. 26]

[2] Plaintiff included as a defendant the Ste. Genevieve Detention Center.  The Court dismissed Plaintiff's claims against the Detention Center because "departments or subdivisions of local governments are 'not juridical entities suable as such.'"  [ECF No. 10 (quoting Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 82 (8th Cir. 1992)]

Defendants' deadline for completion of discovery in this case was May 25, 2018.[3]  [ECF No. 47]  In July 2018, Defendants moved for summary judgment on Plaintiff's three claims.  [ECF No. 55]  In April 2019, the Court entered a memorandum and order dismissing Plaintiff's official capacity claims against Defendants and his claims for injunctive relief.  [ECF No. 74]  Additionally, the Court granted Defendants summary judgment as to Plaintiff's section 1983 claims arising from the confiscation of his prayer rug and the denial of his request for congregational prayer.  [Id.]  Consequently, the sole claim remaining for trial is Plaintiff's section 1983 claim arising from the confiscation of his kufi.  [Id.]  Trial is scheduled to begin September 9, 2019.  [ECF No. 80]

On June 28, 2019, approximately thirteen months after Defendants' deadline for completion of discovery, Defendants moved for leave to depose Plaintiff pursuant to Fed. R. Civ. P. 30(a)(2)(B).  [ECF No. 83]  In their motion, Defendants assert that "deposing the Plaintiff is well within the scope of discovery and [] consistent with the principles in Rule 26" and "[c]ourts commonly grant defendants leave to depose the plaintiff when the plaintiff is incarcerated."  [ECF No. 84]  Plaintiff opposes Defendants' motion for leave to depose him on the grounds that: (1) discovery has been closed for roughly one year; and (2) Defendants provide no justification for reopening discovery to conduct Plaintiff's deposition at this point in the litigation.  [ECF No. 85]

Federal Rule of Civil Procedure 16(b) governs the court's issuance and modification of pretrial scheduling orders and provides that the court "must issue a scheduling order," which "must limit the time to join other parties, amend the pleadings, complete discovery, and file

---

[3] As a result of issues with Defendants' discovery responses, the Court extended Plaintiff's deadline to complete discovery until July 1, 2018.  [ECF No. 53]

motions." Fed. R. Civ. P. 16(b)(1), (3)(A).  See also Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 715 (8th Cir. 2008).  The scheduling order "may be modified for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  "The primary measure of good cause is the movant's diligence in attempting to meet the [scheduling] order's requirements." Sherman, 532 F.3d at 716-17 (quoting Rahn v. Hawkins, 464 F.3d 813, 822 (8th Cir. 2006)).

Good cause does not support Defendants' motion for leave to depose Plaintiff at this late date.  This not a situation in which Defendants had inadequate time for discovery.  This case has been pending since February 2017.  Defendants did not seek to depose Plaintiff until thirteen months after the close of discovery, more than two months after the Court entered partial summary judgment, and approximately two months prior to the trial date.  Furthermore, Defendants offer no explanation as to why they did not depose Plaintiff before the close of discovery.  Defendants failed to show the diligence required to justify modification of the scheduling order and leave to depose Plaintiff at this late date.  See e.g., Vails v. United Cmty. Health Ctr., Inc., 283 F.R.D. 512, 514 (N.D. Iowa 2012).

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion for leave to depose Plaintiff [ECF No. 83] is **DENIED**.

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 2nd day of July, 2019